**Michael Wesley KALTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42550.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Joseph W. Downey, Mary Elizabeth Dockery, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. The record reveals that the movant entered pleas of guilty to the charges of robbery in the first degree by means of a dangerous and deadly weapon, under § 560.-120, RSMo 1969; rape, under § 559.260, RSMo 1969; and escape from custody before conviction under § 557.390, RSMo 1969. He was sentenced to concurrent eighteen-year sentences on the first two charges, and to a consecutive two-year sentence on the escape charge. In movant's motion, he alleged various irregularities involving his plea proceeding. His appeal is confined only to some of the court's findings and conclusions.

Movant contends that the court had no basis to find that his testimony and that of his mother lacked credibility, or that his trial attorney's testimony was reasonable. The determination of a witness' credibility is for the trial court and we must defer to it. *Stewart v. State*, 578 S.W.2d 57 (Mo. App.1978). Obviously, the trial court believed the lawyer here. This point is without merit.

Defendant next contends that the court erred in omitting in its findings of fact and conclusions of law issues raised in his motion as to various constitutional rights. We do not agree. Within the body of the court's seven typewritten pages of findings of fact and conclusions of law appears the following:

3. Movant claims he was never informed that he had a right not to incriminate himself, that he was waiving his right to be presumed innocent unless proven guilty beyond a reasonable doubt, right to summon witnesses in his behalf, right to trial, and that he was admitting all the essential elements of the crime, that he had a right to take the stand and if he did not no inference of guilt could be made, that he was never sworn and 'therefore did not feel compelled or bound by the proceedings,' and was not advised that he had no direct appeal from a plea of guilty.

The court finds that movant knew what his constitutional rights were in all the above particulars. His counsel testified he advised him fully; the transcript shows he was advised by the court of all his essential rights and the consequences of his pleas of guilty.

The court's findings and conclusions are sufficient and are supported by the record. See *McCoy v. State*, 610 S.W.2d 708 (Mo.App.1981).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.