Gregory Lee SKINNER, Appellant,

v.

STATE of Missouri, Respondent.

No. 44002.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Paul H. Berens, Cape Girardeau, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen N. Limbaugh, Jr., Cape Girardeau, for respondent.

CRIST, Presiding Judge.

Appeal from the denial, without evidentiary hearing, of movant's Rule 27.26 motion. We affirm.

On April 25, 1979, movant fired two rounds from a rifle into the Cape Girardeau City Police Station injuring a police officer. Movant was charged, on July 11, 1979, with assault in the first degree by means of a deadly weapon, a Class A felony. Plea bargaining ensued. Movant was permitted to plead guilty to first degree assault, a Class B felony, carrying the prosecution's recommendation of a ten year sentence.

On April 23, 1979, the guilty plea hearing was held. Movant stated that, although he had not intended to injure the police officer, he believed the state would be able to prove the Class A felony. Movant was questioned extensively on the voluntariness of his plea

and informed of all of his rights. The trial court concluded the plea was made knowingly and voluntarily. Movant was sentenced to an eight year term of imprisonment. On April 16, 1980, movant filed a Rule 27.26 motion. The motion was overruled without evidentiary hearing. Movant appeals.

Movant contends the trial court erred in accepting his guilty plea in light of his assertions that he did not intend to injure the police officer. We do not agree. The record reveals that movant's plea was the product of a free and rational choice. *See, North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Movant understood the elements of the crime, the possible penalties, and the extent of his rights. After weighing the evidence against him, however, he concluded that he had much to gain by pleading guilty to the lesser charge. *See, Alford, supra.* There was a sufficient factual basis for the trial court to accept movant's guilty plea. The record supports the Rule 27.26 judge's conclusion that movant pleaded guilty voluntarily, knowingly and with understanding of the nature of the charge. *Lewis v. State,* 539 S.W.2d 578, 579–80 (Mo.App. 1976); *Robinson v. State,* 482 S.W.2d 492 (Mo. 1972).

Movant also complains of ineffective assistance of counsel alleging that counsel failed to: (1) conduct a full investigation; (2) employ a ballistics expert to refute prosecution evidence, and (3) appropriately examine prosecution witnesses. We disagree. Movant failed to demonstrate how these alleged omissions affected the voluntariness of his guilty plea. *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App. 1977). During the guilty plea proceedings, movant was questioned extensively as to his satisfaction with his representation by counsel and he repeatedly assured the court that he was satisfied. The Rule 27.26 judge did not err in denying movant's Rule 27.26 motion without an evidentiary hearing.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.