Charles Curtiss **CHERRY,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12368.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 1, 1981.

Daniel T. Moore, L. Joe Scott and Daniel T. Moore, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Sara Rittman, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion. He sought to vacate his conviction and sentence for the offense of murder in the first degree. Movant pleaded guilty to that charge on March 31, 1961 and received a life sentence.

After counsel was appointed to represent him, an amended motion was filed alleging defendant's plea was not "knowingly and

intelligently and voluntarily made," that defendant's counsel was ineffective and that he was deprived of his Sixth Amendment right to counsel. An evidentiary hearing was held where the evidence consisted solely of defendant's testimony.

Movant raises two points on appeal: first, that the findings, conclusions and judgment of the trial court were clearly erroneous and second, that the trial court failed to comply with Rule 27.26(i) in that the findings of fact and conclusions of law did not cover all issues presented in the motion.

 The trial court's findings, conclusions and judgment are clearly erroneous [Rule 27.26(j) V.A.M.R.] only when we are left with a firm conviction that a mistake has been committed. *Trimble v. State*, 588 S.W.2d 168 (Mo.App.1979). When seeking to set aside a judgment based upon his plea of guilty, the movant has the burden of establishing grounds for release by a preponderance of the evidence. *State v. Rose*, 440 S.W.2d 441 (Mo.1969).

 As we have noted, the only evidence adduced at the hearing was movant's testimony. "The trial court has the right to reject testimony on behalf of the prisoner who has filed a motion pursuant to Rule 27.26, V.A.M.R., even though there is no contrary evidence, *Shoemake v. State*, Mo., 462 S.W.2d 772, 775, particularly when the testimony came from him, who of course has an obvious personal interest in the outcome." *Johnson v. State*, 479 S.W.2d 416, 420 (Mo.1972). Movant's first point is denied.

 The trial court entered the following conclusions of law: "The state filed proper charges against this plaintiff and that thereafter all proceedings were in accordance with the laws of the State of Missouri and that the plaintiff's plea of guilt was received by Judge Gordon Dorris in accordance with the laws of the State of Missouri and that the punishment imposed was a lawful sentence. That the present Motion to Vacate and the evidence submitted in support of said Motion is contradicted by all of the records herein above referred to and

that said testimony, being in conflict with all the records, does not sustain the burden of proof to support the allegations in the Motion to Vacate as amended."

While not using the specific language found in each allegation of the motion, it is sufficient for us to make the kind of review contemplated by Rule 27.26(j) V.A.M.R. *McCoy v. State*, 610 S.W.2d 708 (Mo.App. 1981).

The judgment is affirmed.

HOGAN, TITUS and PREWITT, JJ., concur.