STATE of Missouri, Respondent,

v.

Keith S. UPSHAW, Appellant.

Nos. 63326, 63048.

Supreme Court of Missouri,
Division No. 2.

June 8, 1982.

Motion for Rehearing or Transfer to
Court En Banc Denied July 6, 1982.

Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Cathryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

HIGGINS, Judge.

Keith S. Upshaw was convicted of both robbery, second degree, § 569.030, RSMo 1978, and armed criminal action, § 511.015, RSMo 1978, in two separate jury trials arising from two separate incidents. In No. 63048, the trial court set aside the armed criminal action conviction and imposed a sentence of ten years imprisonment on the robbery conviction; in No. 63326, concurrent sentences of ten and twenty years imprisonment were imposed on the robbery and armed criminal action convictions. § 558.011.1(2), and § 571.015.1, RSMo 1978. The Court of Appeals affirmed in part and reversed in part in No. 63326, and transferred the cause after opinion upon the State's

application.[1] The Court of Appeals affirmed the judgment in No. 63048, and this Court ordered transfer upon the defendant's application. The cases were consolidated by order of this Court. Appellant charges error in No. 63326 in the failure to dismiss the armed criminal action charge; and in sentencing him for both robbery second degree and armed criminal action; and in both cases in admission of certain evidence seized at the time of his arrest. The conviction for armed criminal action is reversed; the judgments of conviction and sentence for robbery in the second degree are affirmed in both cases.

## I

The evidence supports the verdicts that defendant robbed the Walker Donut Shop on March 31, 1979 and robbed a Clark Service Station on April 7, 1979.

The evidence at trial of the Walker Donut Shop robbery included a surveillance photo taken of defendant by a hidden camera during the commission of the robbery. In addition, two employees identified defendant as the perpetrator of the robbery. The police officers described the events surrounding defendant's arrest. The .45 caliber automatic rifle (used by defendant in the robbery) and sweatshirt (worn by defendant during the robbery) were received in evidence. Defendant offered no evidence.

At trial of the Clark robbery, defendant was identified by a Clark Oil employee as the person who committed the robbery. A bank bag was identified by the station manager as the one taken in the robbery. The .45 caliber automatic rifle was identified as the weapon used in the robbery. Defendant offered no evidence.

## II

On April 10, 1979, at about noon, two officers of the Kansas City Police Department observed defendant as he sat in his automobile alongside their patrol car. The officers recognized him from a surveillance photo, and a physical description of the Walker Donut robber, as a suspect in this robbery.

The officers trailed defendant's automobile a few blocks, stopped it and approached it on foot. As they approached, they observed a blue hooded sweatshirt lying on the front seat of the automobile. The officers recognized the sweatshirt from the surveillance photo. While one officer handcuffed defendant and escorted him to the patrol vehicle, the other officer searched the front seat area of the automobile, retrieved the sweatshirt and returned to the patrol vehicle. Defendant's automobile had been stopped in a bus zone; the officers originally intended to tow the car, but at defendant's request, they agreed to move it instead. Before moving it, one of the officers saw some clothing and eight-track tapes inside. He returned to the patrol vehicle and asked defendant for permission to place these items in the trunk. At a hearing on his motion to suppress, defendant denied that he granted such permission. Defendant testified that he had the trunk key on his person and that the officer "popped" the trunk open. The officer who opened the trunk testified that defendant had left the keys in the ignition and after obtaining defendant's permission to place the tapes and clothing in the trunk and moving the automobile, he opened the trunk with a key. Defendant denied that there were tapes and clothing in his car. The automobile was eventually towed, and one of the officers testified on cross-examination that he had failed to list these items on the tow report.

1. The State argued in its brief that if *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (Sours II), was followed in determining that the trial court had erred in sentencing defendant for both armed criminal action and robbery in the second degree, the robbery conviction should be vacated rather than the armed criminal action conviction. The Court of Appeals disagreed and reversed the armed criminal action conviction and ordered the sentence vacated under *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (Sours I), *vacated and remanded sub nom. Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, and *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (Sours II).

Upon opening the trunk, the officer observed a .45 caliber semi-automatic rifle, a black stocking cap with surgical gloves inside, a dark blue three-quarter length coat and a bank bag which had "Clark Oil" and a station identification number stamped on it.

Defendant was interrogated at police headquarters. The interrogating officer testified that during the questioning, defendant stated he had given the officers at the scene permission to enter the trunk, and that he signed a consent form to search his automobile. The officer testified that the consent form was secured because defendant requested permission to obtain other items from his automobile. Defendant admitted signing the consent form but stated that the interrogating officer indicated a search would be made with or without defendant's permission.

 In both cases appellant's motions for new trial were filed out of time. Rule 27.20(a).[2] Appellant now charges as plain error the admission into evidence of the .45 caliber weapon, and the bank bag taken from the Clark Service Station. In these cases there is no manifest injustice to necessitate plain error review of the admission of the evidence seized at the time of defendant's arrest. Rule 29.12(b) and Rule 30.20. *See, State v. Bainter*, 608 S.W.2d 429 (Mo. App.1980).

### III

Appellant alleges in No. 63326 that the trial court erred in failing to dismiss the armed criminal action charge. In *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42 (Mo. banc 1981),[3] this Court held that the Criminal Code permits the prosecutor to charge a defendant, in separate counts, with robbery in the second degree and armed criminal action and, if the evidence supports both, to submit both felonies to the jury; however, the jury may convict the defendant of only one of the charges. *See Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (Sours II). De-

---

**2.** Now Rule 29.11(b) effective January 1, 1980.

**3.** This Court recognized that in the instant case the Court of Appeals rejected the argument

---

fendant's conviction for armed criminal action in the Clark Service Station robbery, No. 63326, must be reversed. *State v. Thompson*, 629 S.W.2d 369 (Mo banc 1982), *State v. Kane*, 629 S.W.2d 372 (Mo. banc 1981), *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), *application for certiorari pending.*

Judgments of conviction and sentences for robbery, second degree, in both cases are affirmed; judgment of conviction for armed criminal action in No. 63326 is reversed.

WELLIVER, P. J., and SEILER, J. concur.

---

that the accused could not be prosecuted for both armed criminal action and robbery in the second degree. *State ex rel. Ruddy v. Westfall*, 621 S.W.2d at 45.