Vincent VENTIMIGLIA, Movant,

v.

STATE of Missouri, Respondent.

No. 44801.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

Kenneth R. Singer, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant in this Rule 27.26 proceeding pled guilty in April, 1977, to: (1) stealing from a person, § 560.156, RSMo 1969; (2) robbery in the first degree "by means of a dangerous and deadly weapon," §§ 560.120, RSMo 1969 and 560.135, RSMo Supp. 1975; (3) four other first degree robbery charges, three of which accompanied armed criminal action charges under § 559.225, RSMo Supp. 1976 (now § 571.015, RSMo 1978); and (4) to one of the three armed criminal action charges. The prosecution agreed to

"nolle pross" the remaining two armed criminal action charges and recommend concurrent twenty year sentences on the robbery charges in exchange for movant's guilty plea. Movant was sentenced to ten years for stealing and to twenty years on each of the robbery charges, the sentences to be served concurrently but served consecutively to a sentence of three years for armed criminal action.

The trial court hearing movant's Rule 27.26 motion vacated the sentence for armed criminal action, following the Supreme Court's judgment that a conviction and sentence on the underlying felony of first degree robbery violates the Double Jeopardy Clause of the United States Constitution. *Sours v. State,* 593 S.W.2d 208 (Mo.banc 1980). The motion court refused to vacate the sentences on the robbery and stealing convictions, and movant appeals. We affirm.

The gist of movant's first point on appeal is he did not know when he pled guilty in 1977 that three of the first degree robberies were lesser offenses included in the charges of armed criminal action, and that his ignorance of that fact led him, first, to believe he could be convicted and sentenced on all offenses charged, and second, to agree to plead guilty on the terms described earlier. Of course, movant's apprehensions over multiple convictions and possible consecutive sentences were well-grounded in the law in effect at that time. *See State v. Treadway,* 558 S.W.2d 646, 652, 653 (Mo. banc 1977). But what he is asking us to believe, in effect, is that his inability to foresee the change of law two years later in *Sours v. State* made his guilty pleas involuntary.

■ It is common hope that conduct will mirror the refinement of legal precepts. But it is beyond the power of even legal fiction to make those refinements reach back and change the nature of past acts. In determining the validity of a guilty plea, "[t]he material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty?" *Doepke v. State,* 465 S.W.2d 507, 513 (Mo.

1971). This defendant was not. The record amply supports the motion court's finding that movant was fully aware he faced possibly five consecutive sentences of from five years to life on conviction of just the robbery charges, and that he pled guilty "because it was a better result than going to trial in "the five cases."

■ Movant next contends that we should vacate his sentences on the robbery and stealing convictions because the judge who sentenced him improperly "considered" in passing sentence the nolle prossed charges and one conviction of armed criminal action. The motion court found there was no evidence to support this contention, and we agree. We add that apparently then as now the prosecutor could charge a defendant, in separate counts, with robbery in the first degree and armed criminal action and, if the evidence supported both, submit both felonies to the jury. But under *Sours v. State,* the jury may convict the defendant of only one of the charges. *See: State v. Upshaw,* 634 S.W.2d 445, 447 (Mo. 1982); *State ex rel. Westfall v. Ruddy,* 621 S.W.2d 42, 45 (Mo.banc 1981). Whatever "consider" may include, since a jury may have before it both a charge and the evidence of armed criminal action in assessing punishment on conviction of the underlying felony, § 557.036, RSMo 1978, we fail to see error in having the same matters before the trial judge in passing sentence on a guilty plea to the underlying felony.

We find no error. The order is affirmed.

REINHARD, P. J., and SNYDER, J., concur.