**Dale HUFFMAN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13298.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 27, 1984.

David H. Dunlap, Don M. Henry, Henry, Henry & Henry, West Plains, for movant-appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Presiding Judge.

On December 20, 1980, a complaint was filed in the Associate Division of the Circuit Court of Howell County alleging movant violated § 195.020 by selling marijuana. He counseled with an attorney in Springfield. His attorney reached a plea agreement with the prosecuting attorney. Movant waived a preliminary hearing. On August 3, 1981, without the presence, but with the knowledge of his attorney, he entered a plea of guilty. In accordance with the plea agreement, the circuit court suspended the imposition of sentence and placed the movant on probation for two years. On September 15, 1982, a report of violation of the conditions of probation was filed. On February 17, 1983, his probation was revoked. He was sentenced to imprisonment for five years and placed upon parole for that period. However, he was ordered to serve 30 days in the county jail commencing February 25, 1983. He then filed his motion under Rule 27.26 to set aside his plea of guilty and sentence. Following a hearing, that motion was denied. Movant appeals.

The movant alleged his plea was not entered knowingly and voluntarily because he was uninformed in four respects. In summary, those respects were: (a) the right to remain silent and avoid self incrimination; (b) the right to a jury trial in Howell or some other county; (c) the extent of the power of the court upon revocation of his probation; and (d) the fact revocation and subsequent sentence could result in increased punishment upon a second violation under Chapter 195. At the hearing, the movant supported these bases by his testimony. However, portions of that testimony were conflicting. Portions could be considered upon the issue of what influence knowledge of those rights and consequences would have had upon the entry of his plea. *Ventimiglia v. State,* 639 S.W.2d 213 (Mo.App.1982); *Skinner v. State,* 624 S.W.2d 135 (Mo.App.1981). The transcript of the plea proceedings was admitted in evidence. The state announced movant's original attorney had little memory of what he discussed with the movant and offered no evidence. The transcript does not refute the alleged bases for his motion.

■ The findings of the trial court dealt only partially with bases (b) and (c). There are no findings in the terms of bases (a) and (d). The judgment contained general findings movant was adequately represented and voluntarily entered his plea. It is recognized it is within the province of the 27.26 court to determine the credibility of witnesses, including the right to reject the testimony of a movant. *Ford v. State,* 639 S.W.2d 894 (Mo.App.1982); *Kalter v. State,* 617 S.W.2d 93 (Mo.App.1981). The same is true of the right of that court to draw reasonable inferences supported by the evidence. *Pointer v. State,* 641 S.W.2d 448 (Mo.App.1982); *Ventimiglia v. State,* supra. Likewise, it was the duty of the trial court to determine the legal necessity of the movant being informed in the respects alleged. *McIntosh v. State,* 627 S.W.2d 652 (Mo.App.1981); *Koch v. State,* 625 S.W.2d 194 (Mo.App.1981); *Orr v. State,* 607 S.W.2d 187 (Mo.App.1980).

■ However, it was the duty of the 27.26 court to make findings of fact and conclusions of law on all issues presented. Rule 27.26. "Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required." *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978). It is often stated that such findings and conclusions are sufficient when they enable an appellate court to determine whether or not they are clearly erroneous. *Parker v. State,* 614 S.W.2d 776 (Mo.App.1981). In some instances, the pleadings and evidence may be such that a somewhat general finding may be sufficient. *Greenhaw v. State,* 627 S.W.2d 103 (Mo.App.1982); *Cherry v. State,* 625 S.W.2d 681 (Mo.App.1981); *Orr v. State,* supra. However, the following are examples of conclusionary findings held not sufficient: the movant was "adequately and competently represented", *Fowler v. State,* 588 S.W.2d 249, 250 (Mo.App.1979); "for the reasons set forth by counsel for the State", *Brauch v. State,* 611 S.W.2d 406, 407 (Mo.App.1981); "the findings and records of this case clearly show conclusively that movant is not entitled to have his sentence vacated", *McAlester v. State,* 658 S.W.2d 90, 92 (Mo.App.1983); "that Movant has completely failed to carry his burden of proof on the issue of voluntariness", *Smith v. State,* 663 S.W.2d 248, 249 (Mo.App.1983). In this case, the issues presented were such that recognition of the existence of the powers of the 27.26 court, such as those referred to above, cannot transform the general findings and conclusions into the specific findings and conclusions required. *Smith v. State,* supra. The judgment is reversed and the case is remanded for the trial court to make findings of fact and conclusions of law in accordance with *Fields v. State,* supra; *McAlester v. State,* supra.

HOGAN and PREWITT, JJ., concur.