**Lonnie LEIGH, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 47036.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Terry E. Brummer, State Public Defender, Jefferson City, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

This is the third time this case has reached the appellate court. Movant's original appeal after his conviction for statutory rape and his sentence to thirty years imprisonment is *State v. Leigh*, 580 S.W.2d 536 (Mo.App.1979). Following our affirmance of his conviction, movant filed a 27.26 motion which was denied, without an evidentiary hearing. We reversed and remanded for the purpose of holding an evidentiary hearing in *Leigh v. State*, 639 S.W.2d 406 (Mo.App.1982).

A full evidentiary hearing was held, after which the court denied movant relief. He appeals, alleging two points of error. First, whether the court's findings of fact and conclusions of law sufficiently address his contentions concerning jury waiver and whether he received ineffective assistance of counsel in waiving his right to a jury trial. Second, whether his trial counsel was ineffective in failing to investigate an alibi defense by making an adequate effort to contact potential defense witnesses who could have testified movant was not at the scene of the crime when it occurred.

The facts are fully set forth in the original appeal. *State v. Leigh*, 580 S.W.2d 536 (Mo.App.1979). For the purposes of the current appeal, it is sufficient to state that movant was incarcerated at the City workhouse. He was the owner of a St. Louis service station and under some program was, on occasion, permitted to go to his station under escort to conduct business. The evidence is unclear as to the extent of the escort's involvement but, in any event, it is alleged that while on one of these sojourns, movant statutorily raped a 10 year old girl who was present at his station. A major issue in the case was the time that the rape occurred. Testimony from the girl and members of her family placed the time between 10:15 and 10:30 a.m. Defendant contended that at that time, he had not yet left the workhouse, and therefore he could not have been at the scene. The state buttressed their position that movant could have been present by the testimony of a police officer who investigated movant's failure to return from his escorted release on the day of the incident. The officer relied on his police report, which included statements by Assistant Warden Williams and the escort, Nathaniel Brown, indicating that movant left the workhouse at around 9:00 a.m. The record is not exactly clear as to the nature of Brown's position, but it appears that he himself was a prior prisoner, and was employed in some kind of program wherein people previously in trouble were assisting law enforcement officials.

Prior to commencement of trial on July 1, 1976, movant signed a waiver of jury trial, which was filed with the trial court on June 30, 1976. Defendant's trial as a court-tried case proceeded over a period of time interspersed with other judicial matters. Ultimately, on August 6, 1976, defendant was found guilty and the court issued findings of fact and conclusions of law. Movant does not challenge these findings of the trial court but rather, the findings issued after his Rule 27.26 evidentiary hearing concerning the waiver of jury trial.

Concerning the sufficiency of the Rule 27.26 findings, we still adhere to the rule set forth in *McCoy v. State*, 610 S.W.2d 708, 709 (Mo.App. banc 1981). The purpose of findings of fact and conclusions of law is to provide for a meaningful appellate review of the trial court. We find the trial court's findings after the evidentiary hearing sufficient for that purpose. Therefore, movant's complaint as to the findings of fact and conclusions of law is without merit.

We now examine his complaint of ineffective assistance of counsel in investigating an alibi defense and waiving a jury trial. Initially, we note that the credibility of witnesses is a matter for the trial court's determination; it is not required to believe the movant even if there is no evidence to rebut his claims. *Cherry v. State*, 625 S.W.2d 681, 682 (Mo.App.1981). Our review, furthermore, is limited to a determination of whether or not the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

As to the issue of waiver, movant admits that he signed the jury waiver. He makes several allegations as to the events which transpired and prompted the waiver, and as to what he was told by his attorney. The attorney denied these allegations, stating that there was discussion concerning the waiver almost thirty days prior to trial and that it was movant's choice. Here, because of movant's previous conviction, we conclude that he is not inexperienced when it comes to dealing with the court system. Furthermore, it appears at no time during the trial of the case did he make any complaint as to the waiver. His trial was held over a period of time which certainly gave movant ample opportunity to voice a complaint over the absence of a jury. Movant also failed to raise this point in his initial appeal, even though represented by different counsel. Under the circumstances, we cannot find that the trial court's finding is clearly erroneous.

Movant's second complaint alleges that counsel failed to adequately investigate an alibi defense. Movant contends that he and Nathaniel Brown left the workhouse sometime between 11:00 and 11:30 a.m.—subsequent to the time the rape allegedly occurred. He claims that Brown was one of the witnesses that would have supported his defense but was not called to testify. In his direct testimony at the evidentiary hearing, the attorney indicated that the reason he did not call Brown was that he thought Brown's testimony would be unfavorable. On cross-examination, however, he was much more vague in his recollection of Brown and was unable to provide a satisfactory reason for not calling him.

We note that this hearing was held some six years after the original trial. A review of the original trial transcript is revealing; it contains cross-examination of Warden Stamps, who was in charge of the workhouse, concerning Brown. In it, the counsel now alleged by movant to be ineffective asked the warden if Brown had departed subsequent to the incident involving movant; the warden responded affirmatively. Further testimony by Stamps indicated that information had been brought to his attention that Mr. Brown had requested money from Leigh for testifying.

The record further reveals that defense counsel interviewed numerous witnesses and presented several witnesses at trial on movant's behalf. Among those called by defense counsel was Charles Wright, the correctional superintendent present at the institution when Brown and movant left the workhouse. He testified that they left the institution at approximately 11:00—the time which movant claims was crucial to establish his alibi defense.

Movant raises no contention that Brown was present at the station during all times that movant was there. Therefore, our review of the record leads us to conclude that the trial court's determination as to this point was justified. The evidence that Brown was possibly seeking payment for favorable testimony is justification for the attorney not calling him as a witness. Ultimately the defense which movant wanted

Brown to support was strongly presented by the superintendent of the institution.

At best, Brown's testimony would have been cumulative, *Robinson v. State*, 643 S.W.2d 8, 10 (Mo.App.1982). Therefore, we find this point against movant.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.