Wilbert HUNTER, Appellant,

v.

STATE of Missouri, Respondent.

No. 53607.

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1988.

Application to Transfer Denied
July 26, 1988.

---

1. We have, *ex gratia*, examined movant's claim for relief and find it to be without merit.

Timothy Alan Wynes, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Wilbert Hunter, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of possession of burglar's tools, first degree trespass and third degree property damage. He was sentenced as a prior and persistent offender to seven years imprisonment. On appeal, movant maintains that he received ineffective assistance of counsel in that his trial attorney did not investigate and interview a potential witness; insisted that movant testify at trial; and did not present evidence which could have shown that bolt cutters introduced by the State were tree trimmers. Finding movant's contention to be without merit, we affirm.

Initially, this court notes the standard of review to be applied to a motion court's ruling on a Rule 27.26 motion. The appellate court is confined to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). We will not disturb the motion court's decision unless a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.,E.D. 1985). In order to prove ineffective assistance of counsel, movant must demonstrate that his attorney's performance was deficient and that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). There is a strong presumption that an attorney's conduct was proper. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

Movant alleges that he received ineffective assistance because his attorney did not investigate and interview a potential witness, Michael Hunter, who is movant's brother. Counsel is under a duty to make reasonable investigations or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066–67. However, investigation need only be adequate under the circumstances. *Sanders*, 738 S.W.2d at 858. Rarely will a court find that the failure to interview a witness is sufficient to justify a finding of ineffective assistance of counsel. *Id.* In the present case, counsel spoke with Michael Hunter's attorney and was aware of the fact that Michael Hunter had previously pled guilty to the same charges facing movant at trial. As well, counsel knew that when Michael Hunter entered the plea he stated that he

had acted together with movant in the criminal activity. The failure to call a witness whom counsel believes would not "unqualifiedly" support a defendant's position is permissible trial strategy and does not constitute ineffective assistance of counsel. *Walker v. State,* 715 S.W.2d 261, 262 (Mo. App.,E.D.1986). Therefore, as counsel believed Michael Hunter's testimony, absent perjury, would have been highly deleterious to movant's defense, his decision not to interview Michael Hunter was reasonable.

 Movant also maintains that he received ineffective assistance because his attorney insisted that he testify at trial. A defendant does have the ultimate authority to make certain fundamental decisions regarding his case, such as whether to testify in his own behalf. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983). However, at the evidentiary hearing, counsel testified that movant wanted to testify and that he had discouraged movant from doing so. The credibility of witnesses is a matter for the motion court's determination. *Leigh v. State,* 673 S.W.2d 788, 789 (Mo.App.,E.D. 1984).

 Lastly, movant argues that he received ineffective assistance because his attorney did not elicit during direct examination of movant that the items admitted into evidence by the State and alleged to be bolt cutters were actually tree trimmers. Counsel testified at the evidentiary hearing that he knew the difference between bolt cutters and tree trimmers and that he did not believe that what was entered into evidence by the State were tree trimmers. The motion court was free to accept counsel's testimony and to disbelieve movant's allegation that the items were tree trimmers. *Id.*

The order of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.