Theodore L. GLASS, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55367.

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Michael C. Todt, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty to second degree murder, first degree robbery and kidnapping. He was sentenced to concurrent prison terms of 30, 30 and 15 years, respectively.

On appeal, movant contends the motion court clearly erred in denying the following claims in his Rule 27.26 motion: 1) that counsel was ineffective in failing to investigate various witnesses, 2) that counsel was ineffective in failing to investigate the victim's reputation for carrying and flourishing a handgun and 3) that counsel's ineffectiveness caused movant's plea to be involuntary. Movant testified in support of his claims. In denying relief, the motion court found movant's claims were refuted by the plea transcript and his testimony in support of those claims was not believable.

▮ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987).

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

▮ At the plea hearing, movant admitted that he struck the victim at least twice with an axe handle, removed the victim's

keys from his pockets, dragged the victim to and drove away in the victim's car, and left the victim's body in an abandoned lot. The plea transcript reveals the following colloquy between the court and movant:

Q. Have you thoroughly discussed these three charges with your attorney?

A. Yes, sir, I did.

Q. Has she told you to tell the truth here today?

A. Yes, she did.

Q. Have you and her discussed all the facts and circumstances concerning these cases?

A. Yes, we did.

Q. Did you give her all the information that you have at your disposal about these three charges?

A. Yes, I did.

Q. Did you give her the names of the witnesses that you thought would be helpful in the defense of your case?

A. Yes, I did.

Q. And did she contact those witnesses for you on your behalf?

A. Yes, she did.

Q. Are you satisfied with the investigation she has done in your case?

A. Yes, sir, I am.

Q. Are you satisfied with the amount of time she has spent with you as your attorney?

A. Yes, sir.

Q. Are you satisfied with her legal services?

A. Yes, sir, I am.

Q. Has she failed or refused to do anything that you have asked her to do?

A. No, sir, she hasn't.

Q. Do you have any complaints about the way [defense counsel] or anyone from her office has handled your case?

A. No, sir.

We agree with the motion court that movant's claims are refuted by the plea transcript. Furthermore, we will not disturb the motion court's finding that movant's testimony was unbelievable, regardless of whether the testimony was contradicted or not. *Leigh v. State,* 673 S.W.2d 788, 790 (Mo.App.1984).

The findings and conclusions of the motion court are not clearly erroneous.

CRANDALL, P.J., and CRIST, J., concur.