**Darryl PRUITT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16144.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 24, 1989.

Betsy A. Clarke, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Darryl Pruitt appeals from the denial, after evidentiary hearing, of his motion to set aside his convictions for the crimes of rape, § 566.030,[1] first degree robbery, § 569.020, and armed criminal action, § 571.015, judgments having been entered on such convictions following his pleas of guilty on the criminal charges for the three offenses.

The pleas were entered pursuant to a plea bargain in which the prosecutor agreed to dismiss an unrelated rape charge and to recommend ten-year consecutive

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

sentences on the robbery and remaining rape charge, and a five-year concurrent sentence on the armed criminal action charge. Before accepting the guilty pleas, the trial court conducted an evidentiary hearing during which Pruitt admitted that his constitutional rights had been explained to him, including his right to trial by jury; that he had not been forced or threatened into pleading guilty; that he had committed the acts that were the basis for the criminal charges; and, that he was guilty of the crimes in question.

In answer to a question by the trial judge, Pruitt said he was fully satisfied with his representation by his trial counsel. After being satisfied that Pruitt's pleas of guilty to the three charges were freely and voluntarily made and with full understanding of the consequences of the pleas, the trial court accepted them, and sentenced Pruitt on the three charges in accordance with the recommendations of the prosecuting attorney.

After he was incarcerated, Pruitt filed a pro se motion pursuant to Rule 27.26,[2] which motion, after amendment by court-appointed counsel, alleged that his trial counsel was ineffective because, among other allegations not relevant here because they were not preserved for appellate review, he advised Pruitt to waive a preliminary hearing on the charges, which hearing would have disclosed that the State did not have any physical evidence that Pruitt had raped the victim, which fact would have caused Pruitt to change his mind about pleading guilty to the rape charge, and demand a jury trial.

An evidentiary hearing was held on the motion, as required by law. After hearing evidence, the motion court made written findings of fact and conclusions of law, the relevant portions of which are as follows:

1. That Movant intelligently, voluntarily and knowingly with the advice of counsel dismissed his Motion as to Case No. CR286–58F Class A felony of Robbery in the First Degree.

2. That Movant intelligently, voluntarily, knowingly and will [sic] full understanding of the charges and consequences of his pleas, plead guilty to both charges in Case No. CR286–57F Class A felony of Rape and Class A felony of Armed Criminal Action.

3. That Movant was not denied effective assistance of counsel as counsel exercised the customary skills and diligence of a reasonably competent attorney and further that Movant was not prejudiced by counsel's representation.

4. That the Court now being fully advised in the premises finds any and all other issues raised in Movant's Rule 27.-26 Motion to be without merit.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Movant's Motion be and the same is hereby denied.

Appellate review of an order denying post-conviction relief is limited to a determination of whether the findings, conclusions, and order denying relief are clearly erroneous. Rule 27.26(j). For that reason, the motion court is required to make specific findings of fact and conclusions of law on all issues presented. Rule 27.26(i); *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978). The motion court did not do so in this case. The motion court's findings did not address the issue of whether trial counsel's advice to Pruitt to waive his preliminary hearing, when trial counsel knew, or should have known, there was no physical evidence to corroborate the complaining witness' complaint, constituted ineffective assistance of counsel. We cannot tell from the motion court's findings if this issue was even considered. Since this specific fact finding cannot be supplied by implication, *Lindner v. State,* 552 S.W.2d 70, 71 (Mo. App.1977), we have no choice but to reverse and remand to the trial court for further consideration and entry of more

---

2. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed.1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed. 1988).

complete findings of fact and conclusions of law. *Huffman v. State,* 668 S.W.2d 255, 256 (Mo.App.1984), and cases cited therein.

HOLSTEIN, C.J., and CROW, P.J., concur.