Darryl **PRUITT**, Movant–Appellant,

v.

**STATE of Missouri**, Respondent.

No. 16699.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 7, 1990.

---

**4.** This spelling of "Schwartzmann" differs from that which appears in the original reporter.

Rosalynn Koch, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant, Darryl Pruitt, was charged with forcible rape, § 566.030, robbery in the first degree, § 569.020, and armed criminal action, § 571.015. He entered pleas of guilty to each of the charges. He was sentenced to consecutive terms of ten years upon the convictions for rape and robbery and a concurrent term of three years upon the conviction for armed criminal action. Movant filed his motion under Rule 27.26[1] to set aside his conviction and plea of guilty to the rape charge. After an evidentiary hearing, the motion court denied his motion. Upon his first appeal, this court found the movant alleged

"his trial counsel was ineffective because, among other allegations not relevant here because they were not preserved for appellate review, he advised Pruitt to waive a preliminary hearing on the charges, which hearing would have

disclosed evidence that the State did not have any physical evidence that Pruitt had raped the victim". *Pruitt v. State,* 775 S.W.2d 574, 575 (Mo.App.1989).

The judgment of the motion court was reversed and the cause remanded for further consideration and the entry of more specific findings on the only issue preserved for appellate review. Upon remand, the motion court specifically found that advice of trial counsel did not constitute ineffective assistance of counsel and again denied the motion. Movant again appeals.

The hearing developed the following background. When the offenses were committed, the movant, who was black, was 21 years old. The victim, who was white, was 18 years old. The state was prepared to present evidence that the movant threatened the victim with a meat cleaver and then raped her and took $60 from her. The movant gave a statement in which he admitted the basic facts concerning the use of the meat cleaver to commit robbery. The statement included the following version of the sexual offense.

"I went out in the hall and came back in. I told her to pull her pants down. She pulled her pants down and kicked one leg out of them. I told her to lay down on the floor. I got on top of her. I laid there for about three minutes. I put my finger up her. I got up and told her I was going to leave her alone."

The laboratory examination of the rape kit did not reveal any semen or foreign pubic hair or other physical evidence that the victim had been raped. The pleas of guilty were entered as the result of a plea bargain for the imposition of the minimum sentences and the dismissal of an unrelated rape charge. The movant had two prior felony convictions.

In general, movant testified his counsel spent very little time with him and did not advise him of the negative results of the examination of the rape kit. He said that if he had known those results he would not have waived his preliminary hearing on the rape charge or entered a plea of guilty to

1. Movant's sentence was pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. Postconviction relief is governed by the provisions of former Rule 27.26.

that charge. The testimony of his counsel included the following:

"I had a discussion with him in which I explained to him that there was not any necessity for the State to prove semen or physical contact, that there was no requirement under Missouri Law for there to be corroboration in the nature of semen or, or pubic hair or other seminal fluid to get a conviction. And I tried to explain to him and I thought he understood it, that he would be convicted if the jury believed the girl who said she was penetrated, and didn't believe him who said he did not penetrate her. I tried to explain to him that any penetration, however slight, is sufficient for the crime of rape."

He further explained that his advice concerning the waiver of preliminary hearings was based upon the fact such hearings would have accomplished nothing and for the tactical purpose of not creating additional publicity concerning the pending charges. He thought such publicity would make it more difficult to plea bargain for the disposition of the pending charges.

The movant's stated point on this appeal is that his plea of guilty was involuntary because "counsel instructed him to waive the preliminary hearing and then failed to inform him that there was no physical evidence to show appellant had raped the victim, which omissions caused appellant to plead guilty without full knowledge of the facts and circumstances surrounding the case". The motion court specifically found that counsel's advice to waive the preliminary hearings did not constitute ineffective assistance of counsel. The credibility of the witnesses was for the motion court. *State v. Luckinbill*, 744 S.W.2d 872, 874 (Mo.App.1988). In view of the issues presented and sharp contrast in the testimony, the finding of the motion court was a determination that the testimony of movant was not credible. *McCoy v. State*, 610 S.W.2d 708, 709 (Mo.App.1981).

The findings and judgment of the motion court are to be sustained unless clearly erroneous. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App.1984). The findings of the

motion court that movant received effective assistance of counsel is not erroneous. In fact, the record demonstrates that the able and experienced public defender, Blair Buckley, rendered most effective assistance of counsel.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.