Larry Joe SMITH, Movant,

v.

STATE of Missouri, Respondent.

No. 44571.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 13, 1983.

Application to Transfer Denied
June 30, 1983.

John Warshawsky, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant pleaded guilty to murder in the second degree and was sentenced to a term of 35 years' imprisonment.

In his amended 27.26 motion, movant alleged that his plea of guilty was not voluntary or intelligent because the court did not explain to movant the elements of second degree murder, because the movant did not admit facts constituting the crime, and because movant was not aware of the permissible range of punishment for second degree murder. At the hearing on his motion, the only evidence movant presented was his own testimony. The state presented the testimony of the privately retained counsel who represented movant at the time of the guilty plea. In addition, the court had before it the transcript of the plea proceedings.

The trial court, in its findings of fact, specifically found that movant's attorney was experienced in handling criminal cases, that he had long and extensive conferences with movant before the plea hearing, that movant's attorney explained to movant both the elements of the charge and the

range of punishment. The court further found that movant was in full possession of his faculties at the plea hearing and understood the proceedings. Finally, the court found that movant's evidence at the hearing on the 27.26 motion was not credible. The court concluded:

> The believable evidence adduced at the evidentiary hearing afforded to Movant, coupled with the record, leads to the conclusion that Movant has completely failed to carry his burden of proof on the issue of voluntariness of the plea, Movant's understanding of the charges and the admission of facts by Movant.

The court then found that movant had been advised of the range of punishment for the offense and concluded that his claim in that regard was without merit.

On appeal, movant contends the trial court did not comply with *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978), by failing to make specific findings of fact and conclusions of law regarding movant's specific allegations, and requests that we remand for specific findings.

In *McCoy v. State,* 610 S.W.2d 708, 709 (Mo.App.1981), we were confronted with a challenge to the sufficiency of the trial court's findings of fact. We said:

> We have no trouble determining from the findings of the court that each of the factual allegations raised in the motion was not supported by the evidence because the court failed to believe the movant's testimony as to each of those allegations.

> . . . . .

> If the findings of fact and conclusions of law sufficiently cover all points so as to permit meaningful appellate review of the court's judgment, then those findings of fact and conclusions of law should be sufficient.

▪ Here, the findings of fact covered movant's allegations as to his understanding of the range of punishment and

the elements of the offense. Without question, these findings were sufficiently specific as required by *Fields* and were not clearly erroneous.[1] The court also apparently concluded that the record and the evidence refuted movant's contention that he had not admitted facts during the plea proceedings. A review of the transcript of the plea proceedings, though, establishes that movant did not, in his own words, admit to facts constituting the crime of second degree murder.

▪ We conclude that the court's findings are insufficient in this regard, but a remand to the trial court would serve no purpose. Even though he did not admit facts constituting the offense at the guilty plea proceeding, that cannot afford a basis for vacating his guilty plea, the relief he requested in his 27.26 motion. It is not necessary that the accused admit or recite facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists. *Matthews v. State,* 501 S.W.2d 44 (Mo.1973); *Bounds v. State,* 556 S.W.2d 497, 499 (Mo.App.1977); Rule 24.02. A factual basis is established if the accused understands the facts recited by the judge or prosecutor. In this case, the trial judge presided at the trial of movant's co-defendant, Elbert Clifton, who was convicted of second degree murder. *See State v. Clifton,* 549 S.W.2d 891 (Mo.App.1977). The court made a sufficient statement on the record for us to conclude that a factual basis existed for movant's plea of guilty to second degree murder.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Although, we note that movant has not challenged the findings or judgment as being clearly erroneous.