**STATE of Missouri, Respondent,**

v.

**Keith KNOWLES, Appellant.**

**No. WD 53032.**

Missouri Court of Appeals,
Western District.

June 10, 1997.

---

Kay Evans, Asst. Public Defender, Columbia, for appellant.

Alan C. Thompson, Asst. Pros. Atty., Boone County, Columbia, for respondent.

Before LAURA DENVIR STITH, P.J., and BRECKENRIDGE and HANNA, J.

LAURA DENVIR STITH, Presiding Judge.

Keith Howard Knowles appeals his conviction of the Class A misdemeanor of stealing in violation of Section 570.030, RSMo 1994. He argues that the trial court erred in overruling his motion for a mistrial when a prosecution witness made the unsolicited comment that she had overheard someone accuse Mr. Knowles of wearing a stolen coat. We disagree. We find that the trial court did not abuse its discretion in denying the motion for mistrial and instead instructing the jury to disregard the comment, and later instructing the jury that Mr. Knowles had in fact not stolen the coat.

Mr. Knowles also claims that the trial court denied him the right to testify on his own behalf when it sustained the State's objection to one of the questions asked Mr. Knowles by his counsel. Defendant failed to preserve this issue for review because he failed to make an offer of proof. In any event, the question was objectionable. Finally, Mr. Knowles asserts that his right to voir dire the jury was impeded when the trial court prevented him from informing the jury that he had previously lived in South Carolina. We disagree. The trial court never ruled that counsel could not so inform the jury. Even had it done so, Defendant has not shown that such a limitation would have

been error, much less that it would have been prejudicial error. The judgment is affirmed.

## I. FACTUAL BACKGROUND

On the afternoon of December 1, 1995, Keith Knowles entered the Taum Sauk wilderness store in Columbia, Missouri. After helping another customer for about ten minutes, the store manager, Cecile Desair, approached Mr. Knowles. During the course of their conversation, Ms. Desair heard something rattling inside Mr. Knowles' coat and also saw outlines of "round, circle pots" under the coat. After purchasing a water bottle, Mr. Knowles started to leave.

As Mr. Knowles was leaving the store, Ms. Desair again saw the outlines of merchandise through Mr. Knowles' coat. She then told the other customer in the store, Jesse Estevez, that she thought the store was being "ripped off." Mr. Estevez went after Mr. Knowles and stopped him outside the store. Mr. Estevez repeatedly yelled that he was stopping a shoplifter and someone should call the police. Ms. Desair caught up with them, and a crowd of people began to gather. When Mr. Estevez touched Mr. Knowles, store merchandise began falling out of Mr. Knowles' coat.

Mr. Knowles was charged with the Class A misdemeanor of Stealing in violation of Section 570.030, RSMo 1994. The jury found Mr. Knowles guilty and sentenced him to 30 days in the county jail and a fine to be set by the court. The court set a fine of $1,000. This appeal followed.

## II. THE TRIAL COURT DID NOT ERR IN DENYING DEFENDANT'S MOTION FOR MISTRIAL

■ Mr. Knowles claims that the trial court erred in refusing to grant a mistrial after a prosecution witness, Maureen Slocum, mentioned a prior uncharged crime. Ms. Slocum testified that while parking her car she had witnessed the incident in which Ms.

Desair and Mr. Estevez confronted Mr. Knowles outside the store, and that she opened her car door to hear what was happening. She was then asked by the prosecutor what she had seen. She described Ms. Desair and Mr. Estevez confronting Mr. Knowles, and then added, "And they said, 'You stole something of ours—or a coat of ours, and—and now we want your coat.'"

Defendant was not charged with theft of a coat.[1] The prosecutor, therefore, immediately requested that Ms. Slocum's comment be stricken. The judge so ordered and instructed the jury to disregard the comment. When the prosecutor resumed questioning, defense counsel asked to approach the bench and then moved for a mistrial. The court denied this request. At the close of the State's evidence, however, the judge informed the jury that the parties had stipulated that Mr. Knowles had not stolen a coat and instructed them to disregard Ms. Slocum's comment.

Defendant now argues that denial of the motion for mistrial was error because Ms. Slocum's comment constituted evidence of another uncharged crime. We agree that the comment was properly stricken, because evidence of other crimes is not admissible to prove that the defendant committed the crime in question. *State v. Conley,* 873 S.W.2d 233, 236 (Mo. banc 1994); *State v. Shaw,* 915 S.W.2d 775, 782 (Mo.App.1996). Here, however, the issue before us is not whether Ms. Slocum's testimony was admissible, but whether the testimony was so prejudicial that the trial court abused its discretion in refusing to grant a mistrial.

A mistrial is a drastic remedy that should be granted only in extraordinary circumstances. Because the trial court is in the best position to evaluate whether the incident caused prejudice, the decision whether to grant a mistrial is committed to the trial court's discretion. We will reverse the trial court's decision not to grant a mistrial only if we find it abused that discretion. *State v.*

---

1. From language used in Mr. Knowles' brief on appeal, we surmise that Ms. Desair and Mr. Estevez thought that Mr. Knowles had stolen the coat at an earlier visit to the store, but nothing is cited to support this suggestion and the record does not clarify the basis of the stealing allegation. As noted, *infra,* the jury was later specifically told that Mr. Knowles had not in fact stolen a coat at all.

*Johnson,* 901 S.W.2d 60, 62 (Mo. banc 1995); *State v. Newson,* 898 S.W.2d 710, 714 (Mo. App.1995).

In analyzing the prejudicial effect of an uninvited reference to other crimes evidence, Missouri courts examine five factors:

1) whether the statement was, in fact, voluntary and unresponsive [to the prosecutor's questioning if the prosecutor asked the question] ... or whether the prosecution "deliberately attempted to elicit" the comments ...; 2) whether the statement was singular and isolated, and whether it was emphasized or magnified by the prosecution, ...; 3) whether the remarks were vague and indefinite, or whether they made specific reference to crimes committed by the accused, ...; 4) whether the court promptly sustained defense counsel's objection to the statement, ... and instructed the jury to disregard the volunteered statement, ...; and 5) whether in view of the other evidence presented and the strength of the state's case, it appeared that the comment "played a decisive role in the determination of guilt."

*State v. Smith,* 934 S.W.2d 318, 320 (Mo.App. 1996) (quoting *State v. Silas,* 885 S.W.2d 716, 720 (Mo.App.1994)).

Application of these factors leads us to determine that Ms. Slocum's comment was not unduly prejudicial in this case. First, the prosecutor did not deliberately attempt to elicit the remark from Ms. Slocum. On the contrary, prior to trial, the prosecutor instructed the only two witnesses whom the parties believed knew about the coat not to mention the possibility that Mr. Knowles had stolen it. No one knew Ms. Slocum had heard these witnesses suggest that the coat was stolen, so no one anticipated she would repeat this remark. The response was completely voluntary and unsolicited.

Second, the statement was singular and completely isolated. Ms. Slocum was the only witness who made any reference to the coat. After Ms. Slocum's initial response, the prosecutor made no further references to the possibility that Mr. Knowles had previously stolen a coat, and did not magnify the comment in any way. In fact, after Ms. Slocum made the comment, the prosecutor himself asked the judge to strike Ms. Slocum's response without waiting for defense counsel to object to the answer. The only other references to the comment were the court's instruction to the jury to disregard the comment and the court's later cautionary instruction to the jury that the coat was not stolen. The record reveals that the latter instruction was approved by defense counsel.

The third factor to consider is whether the remarks were vague and indefinite, or whether they made specific reference to crimes committed by the accused. Here, Ms. Slocum stated that she heard someone say that Mr. Knowles had stolen a coat. This comment did mention a specific item alleged to have been stolen, although it did not go into any detail or refer to any specific incident or charges.

The fourth factor to consider is whether the court promptly sustained defense counsel's objection to the statement and instructed the jury to disregard the volunteered statement. As previously mentioned, defense counsel did not originally object to Ms. Slocum's statement; it was the prosecutor who asked that the comment be stricken from the record immediately after Ms. Slocum made it. The judge then promptly ordered that the answer be stricken and ordered the jury to disregard the entire response. In addition, at the close of the State's case, the judge instructed the jury that the parties had stipulated that the coat Mr. Knowles wore on the date of the incident was not stolen, nor was it alleged to have been stolen.

Finally, the State's case against Mr. Knowles was strong. There were two other eyewitnesses who saw Mr. Knowles leave the store with merchandise. It does not appear that Ms. Slocum's comment played a decisive role in the determination of guilt. This is particularly true in light of the fact that the jury was instructed that the parties stipulated that Mr. Knowles had not stolen a coat. For these reasons, we hold that the trial court did not err in refusing to grant a mistrial.

## III. DEFENDANT'S RIGHT TO TESTIFY WAS NOT VIOLATED

■ Mr. Knowles testified at trial. During direct examination of the defendant by his counsel, the following exchange occurred:

Q: Do you have anything else that you desire to say?

A: Well, I—

The Prosecutor: Judge, I'll object to the narrative form of the question.

Defense Counsel: I'll rephrase the question.

Q: Is—If you had an opportunity to say something to Taum Sauk regarding the events of December 1st, 1995, what would you say?

The Prosecutor: Judge, I'll object to the relevance.

The Court: Sustained.

Defense Counsel: Nothing further.

■ Defense counsel now argues that the trial court violated her client's right to testify in his own defense when she sustained the objection. We find that Mr. Knowles has failed to preserve this point for review. When a court sustains an objection and excludes evidence, to preserve the point for appeal the offering party must make a specific and definite offer of proof. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883 (Mo. banc 1985); *Great American Acceptance Corp. v. Zwego*, 902 S.W.2d 859, 865 (Mo.App.1995). Here, defense counsel not only made no offer of proof, she failed to even suggest to the trial judge why her question was relevant, why the prosecutor's objection was incorrect, or what testimony she was trying to elicit. She also made no attempt to rephrase the question. She simply stated that she had nothing further. She thereby failed to preserve this point for appeal.

■ In any event, the trial court acted well within its broad discretion to control the mode of questioning of witnesses when it sustained the prosecutor's objection to defense counsel's question. This question, like the preceding one, was vague and speculative in nature, and called for a narrative statement in response. While the response might have been relevant, the question was so broad and open-ended that it could have elicited any number of responses that were not relevant to the case. Counsel made no attempt to rephrase the question. The trial court did not act improperly in sustaining the objection.[2]

## IV. LIMITATION OF VOIR DIRE

■ Finally, Mr. Knowles asserts that the trial court erred in limiting defense counsel's voir dire. During voir dire examination, defense counsel stated that Mr. Knowles was originally from South Carolina. The prosecutor asked to approach the bench. He then objected on the basis that the comment improperly personalized the witness and that she was trying to get in background about the defendant without calling him to testify. Defense counsel explained that she wanted to mention where the defendant was from in order to determine whether any members of the panel knew Mr. Knowles when he lived in that state. After the parties discussed the issue back and forth, and prior to any ruling by the trial court, defense counsel asked what she could state about the defendant. The prosecutor responded that defense counsel could tell the jury about the defendant's present address in Fulton and where he works. Defense counsel said "All right" and proceeded to tell the jury where Mr. Knowles lived and worked.

■ Defense counsel never asked the jurors if they had lived in South Carolina and there was never any indication that any juror in fact knew the defendant when he lived there. In fact, the jurors all indicated they did not know the defendant. Nonetheless, on appeal the defendant argues the trial court improperly limited voir dire and that this limitation was prejudicial error.

2. See *Miller v. Neill*, 867 S.W.2d 523, 527 (Mo.App.1993) (trial court did not unduly limit defendant's direct examination when it sustained objections to vague and speculative questions); *Frisella v. Reserve Life Ins. Co.*, 583 S.W.2d 728, 734 (Mo.App.1979) (trial court acted within its discretion to control the examination of witnesses in sustaining objection to question calling for narrative response).

Again, we disagree. The trial court has considerable discretion to control the nature and extent of voir dire. *State v. Storey*, 901 S.W.2d 886, 892 (Mo. banc 1995); *State v. Parker*, 886 S.W.2d 908, 921 (Mo. banc 1994), *cert. denied*, 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). A trial court abuses its discretion when its decision is so arbitrary and unreasonable that it shocks "the sense of justice" and indicates a lack of careful consideration. *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 881 (Mo. banc 1993). On the other hand, if reasonable minds can differ about the propriety of the trial court's actions, then it did not abuse its discretion. *Id.* Moreover, the party asserting abuse of discretion by the trial court in controlling voir dire has the burden of demonstrating "a real probability that he was thereby prejudiced." *State v. Antwine*, 743 S.W.2d 51, 59 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988) (quoting *State v. Norton*, 681 S.W.2d 497, 498 (Mo.App.1984)).

Here, the trial court could not have erred in limiting voir dire, for the trial court never ruled on the prosecutor's objection. Before the court could do so, defense counsel and the prosecutor engaged in an exchange, and agreed on an alternative line of questioning. There is therefore no erroneous ruling from which to appeal.

Even had the trial court sustained the objection, and even were we to believe that this ruling was erroneous, which we do not, Mr. Knowles has failed to show any prejudice in not being able to tell the panel that Mr. Knowles was originally from South Carolina. Indeed, it is unclear how failure to state this information could have affected the trial. There is no evidence that failure to ask this question prevented defense counsel from learning of a previously unknown relationship of one of the jurors to the defendant, and once the objection to the question about South Carolina was sustained, the court permitted defense counsel to tell the jury sufficient additional information about the defendant to allow the parties to determine whether any potential jurors knew him. For all of these reasons, this point is denied.

For the foregoing reasons, the judgment of conviction is affirmed.

All concur.