**STATE of Missouri, Respondent,**

v.

**Craig D. HUNTER, Appellant.**

**No. WD 51348.**

Missouri Court of Appeals, Western District.

Dec. 9, 1997.

As Modified Dec. 23, 1997.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

Appellant Craig Hunter appeals his convictions of first degree assault and armed criminal action. He claims that the trial court abused its discretion in admitting photographs of the crime scene after the State failed to disclose these photographs in response to Mr. Hunter's discovery request. Mr. Hunter also claims that the trial court erred in refusing to allow him to introduce testimony regarding a fight between himself and the victim that took place after the crime for which Mr. Hunter was charged. Mr. Hunter argues that this testimony was relevant to show his relationship with the victim and supported his claim of self-defense.

We find that the trial court did not abuse its discretion in admitting the photographs because they were cumulative evidence and did not prejudice Mr. Hunter. We also find that Mr. Hunter failed to preserve for review

his claim that the trial court erred in refusing to admit his testimony. Therefore, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Hunter does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdicts, the evidence showed the following. In early September 1994, Appellant Craig Hunter was involved in several fights with Donald Wilkinson. Mr. Hunter testified that on approximately September 10, 1994, Mr. Hunter was at a party when Mr. Wilkinson pushed him, and the two began fighting. Another person at the party broke up the fight. Mr. Wilkinson then started a fight with a friend of Mr. Hunter's, Tim George.

Approximately one week later, in the early morning hours of Saturday, September 17, 1994, Cassandra Fueller drove with Mr. Hunter and Ron Ewing to the Horace Mann playground. When they arrived there, Mr. Wilkinson approached the car and repeatedly told Mr. Hunter to get out of the car and fight. Finally, Mr. Hunter pulled a gun, got out of the car, and the two men argued. Mr. Hunter fired two shots, which did not hit Mr. Wilkinson, and the two began fighting. After approximately five minutes, two other men broke up the fight. Mr. Wilkinson left with his friend, Caleb Foster. Mr. Hunter gave the gun to Mr. Ewing, and they left with Ms. Fueller.

On their way back to meet some friends, Mr. Hunter told Ms. Fueller to pull into a service station where Mr. Wilkinson was putting gas in Mr. Foster's car. Mr. Hunter got out of the car with the gun, said, "It's time to die," and shot Mr. Wilkinson three times in the lower body. Mr. Wilkinson then ran into the bushes, and Mr. Hunter got back into the car with Ms. Fueller and said, "Let's go."

On November 29, 1994, the State filed two felony informations against Mr. Hunter charging him with first degree assault in violation of Section 565.050 and armed criminal action in violation of Section 571.015. On April 5, 1995, the State filed amended informations charging Mr. Hunter as a prior offender. Trial began on May 15, 1995. Mr.

Hunter testified on his own behalf and claimed that he shot Mr. Wilkinson in self-defense. The jury found Mr. Hunter guilty on both counts, and the judge sentenced Mr. Hunter as a prior offender to consecutive terms of twenty-five years for assault and fifteen years for armed criminal action. This appeal followed.

## II. ADMISSION OF PHOTOGRAPHS

■ Mr. Hunter's first point on appeal is that the trial court abused its discretion in admitting photographs of the crime scene after the State failed to disclose them in response to Mr. Hunter's discovery request.

Prior to trial, Mr. Hunter filed a motion pursuant to Rule 25.03(A) requesting that the State disclose, *inter alia*, any photographs which the State intended to introduce at trial. During the State's examination of Officer Paul Gatewood, the State offered into evidence six photographs depicting the location of shell casings that police discovered at the crime scene. Because these photographs had not been produced prior to trial in response to Mr. Hunter's 25.03(A) request, defense counsel objected to their introduction. In response, the prosecutor stated that he had had the photographs for "a couple of weeks, at least" and did not know that they had not been provided in discovery. Defense counsel then suggested that the photographs may not have been "in the file until after we had already requested discovery and that may explain why I didn't get copies." The trial judge admitted the photographs into evidence, but cautioned the prosecutor to make extra effort in the future to ensure that defense counsel would be made aware of the exhibits the prosecutor intended to use at trial.

■ Mr. Hunter now complains that the court committed prejudicial error in failing to exclude the photographs as a sanction for failing to produce them in discovery. The appropriate sanction for violation of a discovery rule is left to the sound discretion of the trial court. *State v. Neil,* 869 S.W.2d 734, 739 (Mo. banc 1994); *State v. Whitfield,* 837 S.W.2d 503, 507 (Mo. banc 1992). The trial judge's decision not to impose a sanction is

an abuse of discretion only if it results in fundamental unfairness or substantively altered the outcome of the case. *Neil,* 869 S.W.2d at 739; *State v. Kilgore,* 771 S.W.2d 57, 66 (Mo. banc), *cert. denied* 493 U.S. 874, 110 S.Ct. 211, 107 L.Ed.2d 164 (1989).

Mr. Hunter suggests on appeal that he was prejudiced here in that if the photographs had been turned over to defense counsel earlier, it would have affected his defense strategy. Counsel makes his allegation of prejudice for the first time on appeal, however. He never informed the trial court how or why introduction of the photographs would have prejudiced his defense. The trial judge cannot have abused his discretion where, as here, he was not told of any reasons why introduction of the photographs would affect the outcome of the case.

In addition, the simple assertion that the knowledge of the photographs would have affected the defense strategy, without explanation as to how or why it would have done so, is not adequate to show prejudice. This is particularly true where, as here, the photographs were cumulative of other evidence. They were offered to show the location of three shell casings at the scene. However, Officer Gatewood had already testified about the location of the shell casings and had demonstrated those locations by placing stickers on a drawing of the crime scene. In these circumstances, admission of the photographs could not have resulted in fundamental unfairness to Mr. Hunter or altered the outcome of the case. *See State v. Reichert,* 854 S.W.2d 584, 597 (Mo.App.1993) (holding that admission of photographs which had not been disclosed did not affect the outcome of the case because the photographs were cumulative of other evidence). Mr. Hunter's first point is denied.

## III. EVIDENCE OF A SUBSEQUENT FIGHT BETWEEN MR. HUNTER AND VICTIM

■ In his second point, Mr. Hunter claims that the trial court erred in refusing to allow him to present testimony regarding a fight he had with the victim after the shooting.

During Mr. Hunter's testimony, defense counsel asked if he had had any confrontations with Mr. Wilkinson since the shooting. The prosecutor objected on the basis that events happening after the shooting were irrelevant. Defense counsel argued that this testimony supported Mr. Hunter's claim of self-defense because it showed a pattern of conduct by Mr. Wilkinson and helped to prove that Mr. Wilkinson was "after him." The trial court sustained the objection. Defense counsel then stated, "And the testimony would be that Mr. Wilkinson attacked [Mr. Hunter] in the jail. He—and hit him twice and—... the defendant himself, and grabbed Mr. Wilkinson until people in the jail came and broke it up." The trial judge reiterated that this incident did not bear on Mr. Hunter's claim of self-defense. Mr. Hunter now argues that the evidence was relevant to show his fear of Mr. Wilkinson.

■ Mr. Hunter has failed to preserve this point for review. When a court sustains an objection and excludes evidence, to preserve the point for appeal the offering party must make a specific and definite offer of proof. *State v. Knowles,* 946 S.W.2d 791, 795 (Mo.App.1997); *State v. Jones,* 919 S.W.2d 12, 14 (Mo.App.1996). "The offer of proof must present facts which are specific and sufficiently detailed to establish the admissibility of the tendered evidence. The preferred method is to put the witness on the stand and elicit the testimony out of the jury's hearing by asking questions of the witness." *State v. Ray,* 945 S.W.2d 462, 466 n. 3 (Mo.App.1997) (citations omitted). One reason for requiring the offer of proof is to let the trial judge consider the testimony in context and make an informed ruling as to its admissibility. *See Ray,* 945 S.W.2d at 462 n. 3 ("Questioning the witness outside the jury's presence, best enables the trial court to intelligently rule upon the admissibility of the evidence.").

■ Here, when the prosecutor objected, defense counsel did allude to the subject of Mr. Hunter's testimony by saying it was "regarding the incident in the jail" and that it went to "motivation." Defense counsel did not, however, make a specific and definite offer of proof for the judge regarding the

substance of exactly what Mr. Hunter would testify to if allowed to do so.[1] Even if the trial judge was sufficiently aware of the content of Mr. Hunter's proposed testimony, based on the motion in limine, we are not. We cannot determine whether the incident that occurred in the jail was relevant to Mr. Hunter's claim of self-defense or his fear of Mr. Wilkinson prior to the shooting, because we do not know the context or motivation for the altercation. Based on the record before us, we cannot say that the trial court erred in its ruling or that any prejudice resulted. Mr. Hunter's second point is denied.

On February 5, 1996, Mr. Hunter filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel filed an amended motion, and the court denied the motion without an evidentiary hearing. While Mr. Hunter filed a notice of appeal of denial of his 29.15 motion, he raises no claim in his brief regarding the denial of his Rule 29.15 motion for post-conviction relief. Therefore, he has abandoned that portion of his appeal. *State v. Schone,* 945 S.W.2d 699, 700 n. 1 (Mo.App.1997); *State v. Branyon,* 939 S.W.2d 921, 922 (Mo.App.1996).

For all the foregoing reasons, Mr. Hunter's convictions are affirmed.

All concur.

---

1. Prior to trial, defense counsel made a motion in limine to exclude evidence of this occurrence. The motion itself referred only generally to "an altercation between Donald Wilkinson and the defendant which occurred at the Buchanan County Jail." Prior to trial when the court took up this motion, defense counsel stated that "there were a lot of inmates in the outdoor recreation area when this fight started." However, no witnesses were put on the stand to state exactly what they would testify to at trial. Furthermore, an offer of proof made before trial for a motion in limine preserves nothing for review. *State v. Boulware,* 923 S.W.2d 402, 405 (Mo.App. 1996).