STATE of Missouri, Respondent,

v.

Kwame BANKS, Appellant.

No. WD 62248.

Missouri Court of Appeals,
Western District.

April 13, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 1, 2004.

Wendell Geary Jaco, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, John Munson Morris and Anne E. Edgington, Assistant Attorney General, Jefferson City, for Respondent.

Before EDWIN H. SMITH, Presiding Judge, RONALD R. HOLLIGER, Judge, and LISA WHITE HARDWICK, Judge.

RONALD R. HOLLIGER, Judge.

Kwame Banks appeals his conviction and sentence of one count of Burglary in the First Degree, a class B felony, one count of Attempted Forcible Sodomy, also a class B felony, and one count of Sexual Conduct in the Second Degree, a class B misdemeanor. He claims that the trial court erred by refusing to accept his guilty plea to the misdemeanor charge and by refusing to permit him to display his genitals to the jury. We hold that the trial court was not required to accept his guilty plea to the misdemeanor. We further hold that, because Banks did not make an offer of proof to the trial judge, he cannot show that the pictures of his penis that were instead shown to the jury were inadequate and not as good as a live view. The judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Vernise Brown was taking a bath during the late evening hours of October 21, 2001, when she was disturbed by her daughter, who said that there was someone knocking on the back door of the residence. Ms. Brown went to the door, clad only in a towel, and looked out the window, seeing no one. She opened the door, and then saw a man standing at the base of the steps leading up to the door.

Ms. Brown asked the man who he was, but he responded only by grabbing his exposed genitals and saying, "do you want some of this?" He then forced his way into the residence. Ms. Brown struggled with him, and they both fell onto the floor. The man attempted to turn Ms. Brown over onto her stomach, as her towel fell

off. He tried inserting his fingers into her anus, but was unsuccessful due to Ms. Brown's struggling. She bit him, whereupon the man got up and ran out of the residence. Ms. Brown contacted the authorities immediately after the incident, but they were unable to locate any fingerprints or other forensic evidence at the scene. However, they took a statement from Ms. Brown regarding the incident.

The following evening, Harold Taylor was at home cooking dinner for himself and his nieces when the girls came into the house, yelling that there was a man exposing himself in the yard. Mr. Taylor went outside and confronted the man, while the girls called the police. The man, identified as Kwame Banks, was taken into custody. The arresting officer also contacted the officer who took the report on the attempted sodomy of Ms. Brown the night before, who confirmed that Banks resembled the description provided by Ms. Brown. Banks was later indicted with one count of Burglary in the First Degree, a class B felony, one count of Attempted Forcible Sodomy, also a class B felony, and one count of Sexual Conduct in the Second Degree, a class B misdemeanor.

Banks initially pleaded not guilty to all three charges. On the day of trial, however, Banks sought to plead guilty on the misdemeanor charge. At the plea hearing, Banks alleged that he did not recall the events in question, claiming that he had blacked out under the influence of marijuana and PCP at the time. However, he also made statements that indicated his belief that he did not commit the offense. Banks also disagreed with his counsel's statements concerning circumstances of the offense and his arrest. When Banks' counsel attempted to recast the plea in the form of an *Alford* plea, the trial court declined to accept the plea, and all three counts proceeded to trial.

At trial, Banks argued that Ms. Brown's identification of him as her attacker was not credible. Banks focused on the fact that Ms. Brown did not recall anything unusual about her attacker's penis. He contended that even a cursory inspection of his penis would have revealed that it is significantly discolored. Essentially, Banks' position was that the condition of his member was so remarkable that Ms. Brown could not have failed to take note of it, had she actually viewed his genitals.

In an attempt to underscore this discrepancy, Banks sought leave of court to partially disrobe and reveal his genitals to the jury. The trial court denied Banks' unabashed request, indicating that such a display would offend the "dignity and decorum of the proceedings." In lieu of the personal display of Banks' genitalia, the trial court admitted two Polaroid photographs of Banks' penis into evidence that were offered by Banks' counsel.

At the close of trial, Banks was found guilty of all three offenses. He was sentenced to five years, five years, and 180 days, respectively, on the three counts, with the sentences on all three counts ordered to run concurrently. The present appeal follows.

## DISCUSSION

■ In the first of his two points on appeal, Banks contends that the trial court erred by failing to accept his plea of guilty to Count III, the Sexual Conduct in the Second Degree charge. While claiming that he did not recall the specific details of the crime, he argues that it was not necessary to recite facts constituting the crime, provided that a factual basis for the plea was established. He argues that he was prejudiced by the trial court's refusal to accept his plea because it influenced the

jury to believe that he was guilty of the other offenses.[1]

■ "It is well settled that an accused has no constitutional right to have a plea of guilty accepted." *State v. Cotton*, 621 S.W.2d 296, 301 (Mo.App.1981) (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971)). A trial court may reject a plea in its sound discretion. *State v. Copeland*, 928 S.W.2d 828, 840 (Mo. banc 1996). If the trial court's action "is so arbitrary and unreasonable that it shocks 'the sense of justice' and indicates a lack of careful consideration," then we may conclude that the trial court has abused its discretion. *State v. Knowles*, 946 S.W.2d 791, 796 (Mo.App. 1997) (citing *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 881 (Mo. banc 1993)). Conversely, if reasonable minds could differ as to whether the trial court's actions were appropriate, then we must conclude that an abuse of discretion did not occur. *See id.*

■ A court should reject a plea if an insufficient factual basis is laid. *See Franklin v. State*, 989 S.W.2d 678, 679 (Mo.App.1999). Banks correctly states that, to lay a factual basis, it is not necessary for a defendant to actually admit or state facts establishing that the offense occurred. *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983). Instead, it is sufficient if the judge or prosecutor recites the facts and the defendant understands that recitation. *See id.*

■ Here, however, reasonable minds could differ as to the sufficiency of the factual basis laid during the plea proceedings. Even if we were to conclude that the factual basis requirement was minimally satisfied, it does not follow that the trial court was required to accept Banks' plea. Instead, we find that the trial court acted within its discretion in declining to accept Banks' plea in the absence of a clearer and more substantial factual basis. Banks also argues that the trial court should have accepted his plea as an *Alford* plea.[2] A court is not required to accept an *Alford* plea. *State v. Williams*, 937 S.W.2d 330, 333–34 (Mo.App.1996). Banks' first point on appeal is, therefore, denied.

■ For his remaining point on appeal, Banks argues that the trial court erred by refusing to permit him to display his penis to the jury. He contends that the photographs of his sex organ that were admitted into evidence did not have the same probative value as a personal display to the jury, thereby prejudicing his defense.

■ A trial court is vested with broad discretion regarding the admission and exclusion of evidence. *See State v. Mayes*, 63 S.W.3d 615, 627 (Mo. banc 2001). We will reverse only upon a showing that the trial court abused its discretion. *See id.* Banks contends that the trial court abused its discretion when it refused to permit him to exhibit himself to the jury. Essentially, Bank's position is that only a live, in person, viewing of his penis would suffice to clearly reveal to the jury its uniquely distinctive appearance. He argues that the admission into evidence of the Polaroid photographs did not adequately exhibit the unusual nature of his genitals and how they would have been perceived by Ms. Brown on the night of the offense.

---

1. While Banks' claim to prejudice is a serious one, it bears consideration that he may have been able to avoid that prejudice by moving to sever the misdemeanor from the remaining charges for the purposes of trial. Banks' counsel sought no such relief, however.

2. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Here, however, there was no offer of proof made to the trial court. Nor was this a situation in which the trial court refused to allow an offer of proof. An offer of proof is required to preserve a matter for appellate review. *See State v. Dodd,* 10 S.W.3d 546, 556 (Mo.App.1999).[3] In cases of unpreserved error, this court may, in its discretion under Rule 30.20, engage in plain error review. Plain error is "evident, obvious and clear error" which facially "establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred." *State v. Bozarth,* 51 S.W.3d 179, 181 (Mo.App. 2001). Thus, our threshold question is whether we are faced with such error.

Review of the record does not reveal such an error. The trial court has an obligation to maintain the decorum of the proceedings. *See State v. Dunmore,* 822 S.W.2d 509, 511 (Mo.App.1991). The trial court had a reasonable basis to believe that allowing Banks to partially disrobe and display himself would have a negative impact on the decorum of the proceedings that outweighed the probative value of a live exhibition of his genitals to the jury. Banks did not claim at trial that the pictures that were admitted into evidence failed to accurately depict the unusual nature of his genitalia. While Banks apparently now complains about the size of the photos, he is the party that offered the photos into evidence and was responsible for their size.

Stripped of argument and rhetoric, the circumstances before us do not reveal the presence of plain error in the proceedings. We, therefore, deny Bank's second point

on appeal and affirm the conviction and sentence below.

EDWIN H. SMITH, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.

---

3. Two interests are served by an offer of proof. First, it informs the court and opposing counsel about the nature and substance of the excluded evidence so that appropriate action may be taken. *Pollard v. Whitener,* 965 S.W.2d 281, 298 (Mo.App.1998). Second, it provides the appellate court with a record upon which we can determine whether the exclusion of evidence resulted in prejudicial error. *Id.*