In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00059-CR
______________________________


WILLIAM BODIE MCCONNELL, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F13,429


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â William Bodie McConnell appeals from his conviction for aggravated sexual assault on a
child. The jury assessed punishment at twenty-five years' imprisonment on each of two counts. The
second conviction is also before this Court in a companion appeal, case number 06-05-00060-CR,
also decided this day. 
Â Â Â Â Â Â Â Â Â Â Â Â McConnell contends in a single point of error that the trial court committed reversible error
by refusing to permit him to display his distinctive penis to the jury, the purpose being to show that
it was sufficiently unusual in appearance to discredit the testimony of the complainants, who testified
they noticed nothing unusual or distinctive about it. McConnell stated that his penis had a "polka
dot like" freckle on the top and something that looked like "railroad tracks" on the bottom.
Â Â Â Â Â Â Â Â Â Â Â Â The complainants each testified that McConnell's penis had no moles, spots, or
discolorations. K.S. also testified that he did not look closely at it and that he did not really want to
look at it. The State also suggested to K.S. that, while performing oral sex on McConnell and with
a hand on his penis, K.S. would be in no position to examine McConnell's penis visually. C.M. also
testified he saw no marks or dark spots on McConnell's penis, but was not further questioned about
that aspect of the event. 
Â Â Â Â Â Â Â Â Â Â Â Â McConnell argues this should be analyzed under the reasoning for cases involving
identification of the person. In those cases, which typically involve claims of a violation of the right
against self-incrimination, a long line of cases have held that the State can require a defendant to
stand or walk,


 or to display tattoos,


 or a scar,


 or to speak out loud,


 or to put on items of clothing,
or otherwise exhibit his or her physical characteristics.



Â Â Â Â Â Â Â Â Â Â Â Â Whether it is the State or defense counsel that requests a defendant take such actions has no
effect on determining whether the action is testimonial. Harmon v. State, 167 S.W.3d 610, 615 (Tex.
App.âHouston [14th Dist.] 2005, pet. filed); see Williams, 116 S.W.3d at 792â93 (finding that the
analysis of whether voice exemplar is testimonial or not is unaffected by which side offered the
evidence, and reversing the court of appeals, which had allowed cross-examination). 
Â Â Â Â Â Â Â Â Â Â Â Â These cases, however, do not directly control this situation. The purpose of this proffer was
to impeach the complainants by use of demonstrative evidence to attempt to discredit their testimony
that they had seen McConnell's penis. 
Â Â Â Â Â Â Â Â Â Â Â Â Rule 103(a)(2) of the Texas Rules of Evidence provides that error cannot be predicated on
a ruling excluding evidence unless a substantial right of the party is affected and counsel makes an
offer of proof that makes known to the court the substance of the evidence. Tex. R. Evid. 103(a)(2);
see Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). An offer of proof must show that
the excluded evidence is relevant and admissible. See Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim.
App. 1998).
Â Â Â Â Â Â Â Â Â Â Â Â The primary purpose of an offer of proof under Texas jurisprudence is to provide the
appellate court with a record on which we can determine whether the exclusion of evidence resulted
in prejudicial error. Second, it informs the court about the nature of the excluded evidence so that
the court might reconsider the ruling in light of the actual evidence. In re Canales, 113 S.W.3d 56,
68 (Tex. Rev. Trib. 2003, no appeal); Wilson ex rel. C.M.W. v. Estate of Williams, 99 S.W.3d 640,
649 (Tex. App.âWaco 2003, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â We review the trial court's decision to admit or exclude evidence under an abuse of discretion
standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); Montgomery v. State, 810
S.W.2d 372, 379â80 (Tex. Crim. App. 1990). We will not reverse a trial court whose ruling was
within the "zone of reasonable disagreement." Montgomery, 810 S.W.2d at 391 (op. on reh'g).
Â Â Â Â Â Â Â Â Â Â Â Â As described above, there was a brief discussion of the alleged unique features of
McConnell's penis. McConnell testified before the jury as follows:
Q.Is there anything distinctive about your penis?
Â 
A.Yes, sir.
Â 
Q.What's that?
Â 
A.It's got two markings on it.
Â 
Q.What are they?
Â 
A.A little polka dot like, and it looks like railroad tracks on the back side of it.
Â 
Q.This little polka dot like is on the front?
Â 
A.It's like a giant freckle, but it's not real big. 

Â Â Â Â Â Â Â Â Â Â Â Â Based on the complainants' testimony that they observed no distinguishing marks or
characteristics on McConnell's penis, counsel asked to show it to the jury. The State argued that it
was not appropriate because the nature of the markings as described were not sufficiently unusual
to attract attention and that it would be an unwarranted injection of offensive material into the trial. 
The State also pointed out that the complainants had acknowledged they did not pay attention to the
penis and that it was not visible while the sexual act was going on. These arguments are essentially
based on relevance, and a suggestion that allowing McConnell to display his genitals to the jury
would have a negative impact on the decorum of the proceedings. With those arguments in mind,
we look now to see whether the trial court abused its discretion by refusing to admit the evidence. 
Â Â Â Â Â Â Â Â Â Â Â Â First, the verbal description does not indicate that McConnell's penis was in some way so
utterly unique as to suggest that young children would have either noticed or realized what might be
unusual about itâespecially while engaging in oral sex.
Â Â Â Â Â Â Â Â Â Â Â Â Second, no effort was made to make an offer of proof that could provide a record beyond that
description, perhaps by photographs or other means. Before allowing presentation of such
unorthodox and offensive evidence for a jury's consideration, the trial court should be presented with
some indication that such evidence is probative. Here, no pictures or other offer of proof was
presented to the trial court. McConnell only requested that he be allowed a live demonstration of
his genitalia to the jury without any preliminary court consideration.
Â Â Â Â Â Â Â Â Â Â Â Â Third, the trial court has an obligation to maintain the decorum of the proceedings and could
reasonably believe that, in light of the information provided to the court, to allow McConnell to
disrobe and display his genitalia would have a negative impact on the decorum of the proceedings
that would outweigh any probative value of such a live exhibition.


 See Banks v. State, 135 S.W.3d
497 (Mo. App. 2004) (discussing a very similar situation at length, and concluding that providing
snapshots of the defendant's penis did not constitute an adequate offer of proof to explain why the
court should have allowed him to display his penis to the jury). 
Â Â Â Â Â Â Â Â Â Â Â Â We conclude the trial court's decision to exclude the evidence from the jury was within the
trial court's discretion. The contention of error is overruled.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â September 23, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â October 7, 2005

Do Not Publish



3-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-09-103-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-09-103-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-09-103-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-09-103-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-09-103-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-09-103-CV%20$1424%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00103-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  $1,424.00 IN U.S.
CURRENCY, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 6th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Lamar County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 76073

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Charles
Terrell McClure, appellant, filed his notice of appeal on November 16, 2009. 

Â Â Â Â Â Â Â Â Â Â Â  The
clerkÂs record was filed December 22, 2009, and the reporterÂs record was filed
January 7, 2010.Â  McClureÂs brief was
therefore due February 8, 2010.Â  When
neither a brief nor a motion to extend time for filing the same had been filed
by March 10, we contacted McClure by letter and informed him that if a brief
had not been filed by March 25, 2010, the appeal would be subject to dismissal
for want of prosecution.Â  See Tex.
R. App. P. 42.3(b), (c).Â  

Â Â Â Â Â Â Â Â Â Â Â  We
have received no communication from McClure.Â 
Pursuant to Tex. R. App. P.
42.3(b), we dismiss this appeal for want of prosecution.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  April 19, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  April 20, 2010